UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

                                  10 Cr. 222

   -against-                              OPINION

VLADIMIR ALEXIS MORILLO-VIDAL, and
JOHN CARTAGENA

              Defendants.

------------------------------------------X

**Sweet, D.J.**

      Defendant John Cartagena ("Defendant" or "Cartagena") has moved for reconsideration of the denial of Defendant's motion for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, for a new trial, pursuant to Rule 33.

      For the reasons set forth below, Defendant's motion is denied.

**Prior Proceedings**

On October 19, 2010, Defendant Cartagena and a co-defendant Morillo-Vidal ("Morillo-Vidal") (collectively, "Defendants") were charged by grand jury in a three count Indictment, S2 10 Cr. 222 (RWS). Count One charged Cartagena with participating in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Count Two charged Morillo-Vidal with attempting to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Three charged Cartagena with possessing with the intent to distribute cocaine, in violation of 21, U.S.C. § 841(b)(1)(A).

On November 29, 2010, the trial commenced.

At trial, with regard to Cartagena, the Government presented the testimony of a number of witnesses including James Seyfried ("Seyfried"), a co-conspirator of Cartagena's and a cooperating witness; Cory Townsend, a Trooper with the Nebraska State Patrol; and New York Police Department Detective William Hotchkiss and DEA Special Agent Thomas Throne concerning Cartagena's post-arrest statements. In addition, at trial, the Government presented physical and documentary evidence,

including approximately 67 kilograms of cocaine, latex gloves, as well as various phones, tools, and documents.

At the close of the Government's case, counsel for Defendants moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a).  (Tr. 770:20-771:5.)  The Court denied Defendants' motions.  (Tr. 771:8)

On December 7, 2010, the jury returned a guilty verdict on Counts One, Two and Three (Tr. 777:12-778:25) and found that the amount of drugs at issue for each count was more than 5 kilograms of cocaine (Tr. 777:20-778:24).

On January 7, 2011, Defendants filed motions for a judgment of acquittal or a new trial under Rules 29 and 33. Those motions were heard on March 31, 2011.  On April 19, 2011, the Court denied those motions.

In a letter posted May 9, 2011, Cartagena filed a pro se motion seeking reconsideration of the denial of his motion under Rules 29 and 33.

**The Applicable Standard**

Although there is no specific rule, either in the Federal Rules of Criminal Procedure or in this District's Local Criminal Rules that provide for the reconsideration of a ruling in a criminal matter, courts in this district allow such motions, applying the applicable Local Civil Rule and its accompanying caselaw. See, e.g., United States v. Berger, 188 F. Supp. 2d 307, 338 (S.D.N.Y. 2002).[1] These motions provide "court[s] with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted).

To prevail on a motion for reconsideration under Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y.

---

[1] Under Local Civil Rule 6.3, motions for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." While Cartagena filed the instant motion after that period, as it was received by the Court on May 10, 2011, that technical defect alone does not warrant dismissal here.

March 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F .2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000)). Accordingly, the standard of review applicable to such a motion is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might

"'materially have influenced its earlier decision.'" Anglo Am. Ins. Group v. CalFed, Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting Morser v. AT & T Information Systems, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted). Rather, he must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted).

**Discussion**

Having reviewed Cartagena's May 9, 2011 letter and the Government's response, the Court concludes that Defendant has failed to demonstrate that, in ruling upon his original motion, the Court overlooked any facts presented or applicable case law.

Here, five arguments form the basis for Cartagena's motion. Defendant argues that his counsel, James Branden

6

("Branden"), failed to (1) "request any suppression of the evidence"; (2) "seek any relief based upon the fact that Seyfried's story of all the events 'prior' to the stop by the Nebraska state trooper are totally and entirely uncorroborated"; (3) "challenge the Court's jurisdiction of the questionable events and document leadinging (sic) to the case leaving Nebraska"; and (4) do anything to "show the jury the peripheral nature of the defendant's" role. Cartagena additionally asserts that he requested that his counsel move for a "bifurcation" of the trial to separate the "23 kilo case" from the instant one, but that his counsel failed to do so.

With regard to Defendant's first argument, Cartagena's counsel did in fact object to the introduction of evidence concerning Defendant's trip with Seyfried to deliver narcotics proceeds from a prior purchase of 23 kilograms of cocaine. The Court denied Defendant's request and permitted the evidence to be introduced. Moreover, because Defendant and Seyfried consented to a search of the motor home in which he was arrested, there was no basis for his counsel to seek suppression of the evidence seized from within the motor home.

7

As to Cartagena's assertion regarding Seyfried's testimony about the events prior to the auto stop, his counsel did in fact argue that Syfried's testimony was uncorroborated. At trial, however, the Government introduced evidence corroborating that testimony, including hotel and rental car receipts, as well as receipts from a CVS Pharmacy where the Government contended the Defendants purchased latex gloves, among other items.

Moreover, Defendant's counsel argued in his Rule 29/33 motion that Seyfried's testimony was unbelievable and could not be credited, and that contention has previously been considered and rejected by the Court. Defendant's point that Seyfried's history - and specifically that he "was so despised by his own wife that she hired a hitman to kill him" - warrants rejection of his "fictitious stories" was before the jury and made by Defendant's counsel as the first point in his closing argument (Tr. 644:7-13). Indeed, the contention that Seyfried was not credible formed the bulk of Cartegena's defense. These points were thoroughly considered by the Court in its previous holding.

In addition, at trial, Seyfried testified that the narcotics he and Cartagena were transporting were bound for the

8

Southern District of New York and further testified that certain overt acts in furtherance of the conspiracy were conducted there. Cartagena's argument that the Court's jurisdiction was lacking is therefore unavailing.

With regard to Defendant's fourth point, his counsel did in fact make arguments concerning the nature of Defendant's role in the conspiracy during both his cross-examination of Seyfried and his closing argument.

As to Defendant's final point, to the extent Cartagena argues that reconsideration is warranted because the Court permitted evidence of the prior trip he made with Seyfried, he offers no additional reasons or data that "'might materially have influenced [the Court's] earlier decision.'" Anglo Am. Ins. Group, 940 F. Supp. at 557 (citation ommitted). That evidence was properly admitted as background, see United States v. Reifler, 446 F.3d 65, 91-92 (2d Cir. 2006); United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000), and the Court finds no reason to alter its finding that the probative value of the Los Angeles evidence was not outweighed by its potential prejudicial effect.

In sum, Defendant has failed to show that the Court overlooked any controlling decisions or factual matters that were before it on the underlying motions, and has therefore failed to satisfy the standard of Local Civil Rule 6.3.

## Conclusion

Based upon the conclusions set forth above, Defendant's motion for reconsideration is denied.

It is so ordered.

**New York, NY**

**September 6 , 2011**

ROBERT W. SWEET
U.S.D.J.